IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| RICKEY L. RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-362 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. On the unique facts of the instant case, the Commissioner's breaches of fundamental principles of administrative adjudication leave the court unable to conduct a meaningful substantial evidence review. Therefore, plaintiff's motion for judgment [doc. 11] will be granted to the extent it seeks remand pursuant to sentence four of § 405(g).[1] The Commissioner's motion for summary judgment [doc. 15] will be denied.

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

I.

*Procedural History*

Plaintiff applied for benefits in March 2003, claiming to be disabled by knee and shoulder injuries which purportedly limit, among other things, his abilities to bend, climb, and kneel. [Tr. 68, 118]. Plaintiff alleged a disability onset date of August 8, 2001. [Tr. 68]. The application was denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") on November 30, 2004.

On January 12, 2005, the ALJ issued a decision denying benefits. He concluded that plaintiff suffers from "chronic bilateral knee pain and chronic right shoulder pain with status post rotator cuff repair," which are "severe" impairments but not equal, individually or in concert, to any impairment listed by the Commissioner. [Tr. 33]. The ALJ ultimately determined, at step four of the sequential evaluation process, that plaintiff retained the residual functional capacity ("RFC") to return to his prior medium-level work as a security inspector "as previously performed and as generally performed in the national economy." [Tr. 35].

Plaintiff then sought, and was denied, review from the Commissioner's Appeals Council. [Tr. 64]. The ALJ's ruling therefore became the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Through his timely complaint, plaintiff has properly brought his case before this court for review. *See* 42 U.S.C. § 405(g).

2

II.

*Analysis*

A. Remand

In light of significant errors contained in the ALJ's opinion, the court finds itself unable to satisfactorily review the decision below. *See, e.g., McCoy v. Dir., Office of Worker's Comp., Dep't of Labor*, No. 88-3926, 1989 WL 128684, at *2 (6th Cir. Oct. 30, 1989) ("[T]he ALJ's imprecise finding is essentially unreviewable by this court since it is impossible to determine what evidence the ALJ credited and what evidence he rejected."). The court will discuss these issues only to the extent necessary to illustrate the obvious need for remand in this case.

The ALJ reached his ultimate conclusion in part because plaintiff was found to be "not totally credible." [Tr. 36]. This finding was explained as follows:

> The degree of the claimant's complaints of pain is not considered fully credible. His ability to perform such a variety of daily activities tends to negate the credibility of his subjective complaints, especially the degree of pain he maintained she [sic] experiences. One would not reasonably anticipate that a person *who experiences substantial drowsiness and side effects from medications*, the degree of pain alleged, *or severe depression and anxiety*, to be able to tolerate the physical demands, the level of concentration, or the amount of social interaction, necessary to perform many of these activities. The claimant testified that he cares for personal needs; mows his lawn; *sits on the porch*; and goes grocery shopping.

[Tr. 34] (emphasis added).

These statements raise significant doubt regarding the extent to which *plaintiff's* record was actually considered. Two of the three subjective complaints cited by

3

the ALJ (affective symptoms and medication side effects) *are not issues in this case*. The court has twice reviewed the administrative record and has not detected a single instance where plaintiff claims to be suffering from any depression or anxiety. As for medication side effects, not only is the record devoid of such claims by plaintiff, there are in fact a number of occasions (including the administrative hearing) in which plaintiff *expressly denied* presently suffering from any side effects. [Tr. 12, 140, 143, 145].

The Commissioner's Social Security Ruling ("SSR") 96-7p was issued in part "to state the importance of explaining the reasons for the finding about the credibility of the individual's statements in the disability determination or decision." SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996). More specifically, SSR 96-7p instructs that

> [i]n general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. . . . When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.
>
> . . . *The reasons for the credibility finding must be grounded in the evidence* and articulated in the determination or decision. . . . It is . . . not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, *supported by the evidence in the case record*, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. ***This documentation is necessary in order to give the individual a full and fair review of his or her claim, and in order to ensure a well-reasoned determination or decision***.

4

*Id*. at *4 (emphasis added). Further, how an activity such as sitting on a porch can be viewed as evidencing tolerance for concentration, social interaction, and "physical demands" are simply beyond the court's imagination.

The above-cited credibility rationale strongly implies that the present claimant did not receive a fair hearing. "[A] fair trial in a fair tribunal is a basic requirement of due process. . . . [and] [t]his applies to administrative agencies which adjudicate as well as to courts." *Withrow v. Larkin*, 421 U.S. 35, 46, 95 S. Ct. 1456, 1464, 43 L. Ed. 2d 712 (1975) (quotation and citation omitted). "[T]he ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the administrative law judge." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). Citation to nonexistent complaints and dubious "physical" activity as justification for doubting plaintiff's credibility is not indicative of "a full and fair hearing" in the instant case - nor is such rationale "supported by the evidence in [present] case record." SSR 96-7p, 1996 WL 374186, at *4.

Also striking is the conclusion that plaintiff is capable of returning to his prior security job. It is undisputed that this work involved a significant amount of stooping, squatting, kneeling, and climbing. [Tr. 15, 119, 132]. To find plaintiff capable of returning to those activities, it was necessary for the ALJ to conclude that plaintiff has no significant postural limitations. The ALJ explained that such a conclusion was consistent with the July 2003 RFC assessment by nonexamining physician Robert Burr. [Tr. 35, 234].

5

What the ALJ did not explain, however, is why Dr. Burr's file review was credited over the conflicting opinions of both an examining source and a treating physician. In February 2002, treating knee orthopedist Jean-Francois Reat opined that "given his symptoms, it is not possible for him to return to his previous guard duties . . . . I think it is unlikely that this man could ever return to his previous guard duties given his stated symptoms." [Tr. 201-02].[2] Further, consultative examiner Dr. Jeffrey Summers opined that "[b]ased on his history *and exam*, it is reasonable to expect that he will have difficulty with squatting, kneeling, and climbing on a frequent basis[.]" [Tr. 230] (emphasis added).[3]

Social Security claimants are entitled to "a careful evaluation of the medical findings . . . and an informed judgment[.]" *See* SSR 96-3p, 1996 WL 374181, at *2 (July 2, 1996). As part of any "careful evaluation" and "informed judgment," an ALJ is required to set forth a valid basis for rejecting the opinions of treating and examining physicians. *See Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987). The opinion of a nonexamining source, paired with misinterpretations of the medical record, is not a "valid basis."

---

[2] In referring to Dr. Reat's February 2002 opinion, the ALJ stated only that "[i]t was the opinion of the orthopedist that the claimant was able to perform medium work." [Tr. 34]. It is true that Dr. Reat predicted the ability to perform *some* medium work [Tr. 201-02], but he clearly did not consider plaintiff capable of returning to his security inspector job.

[3] Obviously, the ALJ erred in stating that

> [i]t was the opinion of [Dr. Summers] that the claimant was able to stand/walk/sit for 6 hours out of an 8-hour workday and was *able to tolerate all other work related activities* except for some minimal decrease in range of motion of his right arm and shoulder especially with overhead elevation."

[Tr. 34] (emphasis added).

6

> Undoubtedly, the personal examinations of treating and consulting physicians are more apt to provide a better assessment of a claimant's . . . condition that are reports issued by experts who have never seen or treated a patient. Therefore . . . a finding of non-disability contained in the report of a physician who has not examined a patient is insufficient evidence[.]

*Collins v. Sec'y of Health & Human Servs.*, 734 F.2d 1177, 1180 (6th Cir. 1984). For this additional reason, the court concludes that the decision below is imprecise to the point of being "essentially unreviewable." *See McCoy*, 1989 WL 128684 at *2.

### B. Reversal

Lastly, to the extent plaintiff asks this court to award benefits rather than remanding his case, such request must be denied. A reviewing court can reverse and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id*.

Both treating physician Reat and examining physician Summers opined that plaintiff is likely still able to work subject to enumerated restrictions. [Tr. 201-02, 230]. The court is accordingly not satisfied that "all essential factual issues have been resolved [or that] the record adequately establishes [] plaintiff's entitlement to benefits." *Faucher,* 17 F.3d at 176. Accordingly, benefits cannot be awarded by this reviewing court at this time. *See id*.

7

Nonetheless, because plaintiff's administrative proceedings were "so superficial as to deny him due process," *Lashley*, 708 F.2d at 1051, the final decision of the Commissioner will be reversed and remanded for a rehearing and reevaluation consistent with the principles discussed in this opinion. The rehearing - and any other future hearing involving this claimant - must be held before a different ALJ.

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge